IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>CLAUDE E. ATKINS ENTERPRISES, INC., a California corporation,<br><br>            Defendant.<br>_____/ | No. C 04-2937 CW<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT |

   Plaintiffs Board of Sheet Metal Workers Health Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan and Anthony Asher, Trustee, move for summary adjudication of the claims in their complaint against Defendant Claude E. Atkins Enterprises, Inc.  Defendant has filed a statement of non-opposition to the motion.  The matter was taken under submission on the papers.  Having considered the moving papers, the Court GRANTS Plaintiffs' motion for summary judgment.

                            BACKGROUND

   Plaintiffs have submitted evidence of the following facts.  On November 19, 2003, Defendant entered into a collective bargaining

1 agreement (CBA) with Sheet Metal Workers Local Union No. 104 which
2 required that Defendant pay health, welfare, pension and other
3 fringe benefits contributions on behalf of covered employees to
4 Plaintiffs, which are plans organized under the Employee Retirement
5 Income Security Act.  The CBA also provides that, in the event
6 Defendant is delinquent in paying owed contributions, Defendant is
7 liable for (1) the unpaid contributions, (2) liquidated damages at
8 rates defined by the agreement, (3) interest at rates defined by
9 the agreement, and (4) attorneys' fees at rates defined by the
10 agreement.

11 From May 1, 2004 through August 6, 2004, Defendant failed to
12 pay Plaintiffs $72,077.60 in owed contributions.  On July 20, 2004,
13 Plaintiffs filed a complaint seeking unpaid contributions as well
14 as liquidated damages, interest and attorneys' fees and costs.  The
15 complaint also states as follows: "The Trust Funds do not at this
16 time seek to audit the books and records of defendant. . . . The
17 Trust Funds seek to obtain a judgment for any outstanding
18 delinquent contributions based on defendant's reports and to
19 reserve the right to audit defendant for this or any other
20 unaudited period."  On June 1, 2005, Plaintiffs filed their motion
21 for summary judgment.

## LEGAL STANDARD

23 Summary judgment is properly granted when no genuine and
24 disputed issues of material fact remain, and when, viewing the
25 evidence most favorably to the non-moving party, the movant is
26 clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.
27 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

2

Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue. See UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994). That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. See id.; see also Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991). Once it has done so, the non-moving party must set forth specific facts controverting the moving party's prima facie case. See UA Local 343, 48 F.3d at 1471. The

3

non-moving party's "burden of contradicting [the moving party's] evidence is not negligible." Id.  This standard does not change merely because resolution of the relevant issue is "highly fact specific."  See id.

DISCUSSION

Plaintiffs have submitted substantial and undisputed evidence that Defendant, from May 1, 2004 through August 6, 2004, failed to pay Plaintiffs owed plan contributions totaling $72,077.60.  Thus, Plaintiffs' motion for summary judgment is granted.  Under the terms of the CBA, Defendant is liable to Plaintiffs for the amount of unpaid contributions plus $15,389.44 in liquidated damages, $10,791.29 in interest as of July 15, 2005, and $1,665 in attorneys' fees and costs, totaling $99,923.33.

Once judgment in this case is entered, Plaintiffs will be barred by the doctrine of res judicata from recovering additional delinquent payments for the relevant time period that they may discover they are owed through an audit.  See Int'l Union of Operating Engineers v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993).  Thus, Plaintiffs shall notify the Court within two weeks of the date of this order whether they wish judgment to enter, or to conduct an audit and seek further contributions if warranted.

CONCLUSION

For the foregoing reasons, Plaintiffs' unopposed motion for summary judgment is GRANTED, and judgment will enter for Plaintiffs in the amount of $99,923.33, plus any additional interest that comes due.  Plaintiffs shall notify the Court within two weeks of the date of this order if they intend to audit Defendant and seek

4

additional contributions in this case.  If Plaintiffs indicate that they do not intend to seek additional contributions in this case, or if they fail to notify the Court within two weeks, the Court will enter judgment and close the file.

IT IS SO ORDERED.

Dated: 8/31/05

_____
CLAUDIA WILKEN
United States District Judge

5